UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONY R. LITTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-1309-JAR |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF DEFENSE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Defendants' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim. (Doc. 11). Plaintiff responded on March 4, 2022 (Doc. 14), and Defendants have replied. (Doc. 15). For the reasons discussed below, the motion will be granted.

**I.      BACKGROUND**

On November 11, 2021, Plaintiff Tony R. Little filed a complaint in this Court raising claims arising under Title VII, 42 U.S.C. §§ 1983, 1985, and 1988, 28 U.S.C. §§ 1343 and 1361, the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution (Counts I – IV), and Missouri tort law (Count V). (Doc. 1).[1] Plaintiff brings the current action against the Department of Defense ("DOD"), Diplomatic Security Service ("DSS"), Department of

---

[1] The Complaint only specifically identifies these five counts, but Plaintiff briefly references numerous other federal statutes. The Court, construing the Complaint liberally, will presume Plaintiff intends to raise claims under these additional federal statutes.

Homeland Security ("DHS"),[2] Federal Bureau of Investigation ("FBI"), and Central Intelligence Agency ("CIA").

Plaintiff claims that around 1970 be began "living a double life" after the DOD changed his identity to that of "Tony R. Whittaker." (*Id.* at ¶¶ 14-20). Plaintiff alleges a decades-long conspiracy by the United States government – primarily the DOD – to operate a "Program" which continuously tracked Plaintiff's whereabouts, disrupted his life, interfered with his employment, and raised false criminal charges against him. (*Id.*). Plaintiff insists, for example, that in 1998 Defendants set him up as the "Decoy Fall Guy" during an elaborate operation involving the royal family of Saudi Arabia, family members of a "famous Hollywood actor celebrity," and the theft of "very expens[ive] jewels." (*Id.* at ¶¶ 48-62).

Plaintiff, then proceeding as Tony Whittaker, filed a federal case in the Central District of California over 20 years ago making similar allegations. (Doc. 11-4). The Ninth Circuit Court of Appeals affirmed both the dismissal of Plaintiff's action as frivolous and the designation of Plaintiff as a vexatious litigant. *Whittaker v. Brooks Protective Servs., Inc.*, 168 F. App'x 201 (9th Cir. 2006). The Ninth Circuit noted that Plaintiff had a "history of frivolous and burdensome filings." *Id.* Plaintiff's response to Defendants' motion to dismiss attempts to rehash the history of that case. (Doc. 14 at 1-2). Defendants now move to dismiss Plaintiff's complaint for lack of jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff has responded (Doc. 14), and the Court construes Plaintiff's pro se filings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

---

[2] Plaintiff named the Department of Treasury as a party, but Defendants note that the Secret Service has been transferred from the Department of Treasury to DHS. (Doc. 13 at 1 n.1). Accordingly, the Court substitutes DHS as a Defendant pursuant to Fed. R. Civ. P. 25(d).

## II. LEGAL STANDARDS

Fed. R. Civ. P. 12(b)(1)

When a party challenges this Court's subject matter jurisdiction, at issue is this Court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990) (citation omitted). Dismissal under Rule 12(b)(1) is appropriate when a party successfully challenges subject matter jurisdiction on the face of the complaint or on the facts. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In assessing its own jurisdiction, this Court has substantial authority and is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Little Otters of Love, LLC v. Rosenberg*, 724 F. App'x 498, 501 (8th Cir. 2018) (per curiam) (citation omitted).

In deciding a motion under Rule 12(b)(1), this Court "must distinguish between a facial attack – where it looks only to the face of the pleadings – and a factual attack – where it may consider matters outside the pleadings." *Croyle by and through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018). In either case, Plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019). It appears that Defendants present a facial attack on jurisdiction considering their arguments concern purely legal issues and do not require this Court to make any factual determinations. Accordingly, the Court applies the Rule 12(b)(6) standard and accepts all allegations in the complaint as true for the purposes of assessing jurisdiction. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).[3]

---

[3] The Court recognizes that it must "restrict itself to the face of the pleadings" when considering a facial attack on jurisdiction. *Carlsen*, 833 F.3d at 908 (citation omitted). Defendants have attached exhibits to their motion. (Docs. 11-1 – 11-4). Each exhibit is a judicial order from Plaintiff's related case in the Central District of California. The Court may consider these exhibits when evaluating Defendants' facial attack because the judicial orders are (i) necessarily embraced by Plaintiff's complaint which extensively discusses the California case (Doc. 1 at ¶¶ 72-79) and (ii) subject to judicial notice. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (district court may take judicial notice of public records and consider them on motion to dismiss); *Little v. Kirkstall Road Enters., Inc.*, No. 4:19-CV-

Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). When ruling on a motion to dismiss under Rule 12(b)(6), the district court must "accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

## III.   ANALYSIS

Abandonment

At the outset, the Court finds that Plaintiff has abandoned every claim raised in his Complaint. Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing arguments. *See Ursery v. Fed. Drug Enf't Admin.*, No. 4:12-CV-1911 HEA, 2014 WL 117627, at *2 (E.D. Mo. Jan. 13, 2014) (collecting cases); *see also Siepel v.*

---

1786 RLW, 2020 WL 435747, at *2 (E.D. Mo. Jan. 28, 2020) (considering matters embraced by the pleadings in facial attack on jurisdiction).

- 4 -

*Bank of America, N.A.*, 239 F.R.D. 558, 566 (E.D. Mo. 2006) (dismissing claims with prejudice where party failed to address merits).

Defendants' Motion to Dismiss raises substantive legal issues regarding whether this Court has jurisdiction to hear the case and Plaintiff's ability to state a plausible claim for relief. Plaintiff's response merely offers mostly irrelevant facts relating to his previous case in the Central District of California, restates allegations regarding "Dark Operations" by Defendants, and asserts minor factual errors in Defendants' motion. (Doc. 14). Because Plaintiff has offered no substantive response to the merits of Defendants' arguments, the Court finds Plaintiff has abandoned his claims in this case. *See Huskey v. Colgate-Palmolive Co.*, 486 F. Supp. 3d 1339, 1349-50 (E.D. Mo. 2020) (dismissing claim due to abandonment where plaintiff failed to address merits in response to motion to dismiss). The Court will proceed in the alternative, however, and evaluate the merits of Defendants' arguments.

Sovereign Immunity

The doctrine of sovereign immunity, which provides that courts may not entertain suits against the United States absent express consent to be sued, bars many of Plaintiff's claims. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). Federal courts "generally lack jurisdiction to hear claims against the United States because of sovereign immunity," *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006), and the "existence of consent [to be sued] is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Sovereign immunity extends to federal agencies and officials when sued in their official capacities. *See Hagemeier v. Block*, 806 F.2d 197, 202-03 (8th Cir. 1986). A waiver of sovereign immunity is strictly and narrowly construed in favor of the United States, and Plaintiff bears the burden of demonstrating the waiver. *See Snider v. United States*, 468 F.3d 500, 509 (8th Cir. 2006) (citations omitted).

Defendants contend that numerous claims raised by Plaintiff, including the constitutional torts, defamation under Missouri law, and 28 U.S.C. § 1343 claims, are barred by sovereign immunity. (Doc. 13 at 8-12). Plaintiff has filed suit against various federal agencies and has not named any individual defendants in their personal capacities. *See Baker v. Chisom*, 501 F.3d 920, 923-25 (8th Cir. 2007) (if complaint is silent as to capacity, court interprets complaint as including only official capacity claims); *Hagemeier*, 806 F.2d at 202 (sovereign immunity bars claims against federal officials in their official capacities unless immunity is waived). The Court also notes that Plaintiff does not seek any injunctive relief on these claims. (Doc. 1 at 33). *Compare Ex parte Young*, 209 U.S. 123 (1908); *Armstrong v. Child Ctr., Inc.*, 575 U.S. 320, 327 (2015) (noting application of *Ex parte Young* to federal officials). Plaintiff's response, even construed liberally, does not substantively address the issue of sovereign immunity.

Plaintiff raises claims under the First, Fourth, Sixth, and Fourteenth Amendments. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized a cause of action against federal officials acting in their personal capacity for violations of constitutionally protected rights. But *Bivens* only applies to claims against federal agents, not agencies, and Plaintiff does not bring any claims against individuals. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (holding *Bivens* does not extend to claims against federal agencies). As indicated above, moreover, Plaintiff has not sued any federal official in their individual capacity. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (dismissing *Bivens* claim brought against Postmaster General in official capacity). This Court will grant Defendants' motion to dismiss under Rule 12(b)(1) as to Plaintiff's constitutional tort allegations because sovereign immunity bars claims for damages against the United States absent a waiver.

In Count V of his Complaint, Plaintiff brings a claim for defamation under Missouri law. Plaintiff specifically alleges that Defendants created false criminal profiles of him. (Doc. 1 at ¶ 115). While not addressed by Plaintiff, the Court recognizes that the Federal Tort Claims Act ("FTCA") is the "exclusive remedy for torts committed by Government employees in the scope of their employment." *United States v. Smith*, 499 U.S. 160, 164 (1991).[4] The FTCA waives the government's sovereign immunity in many respects but specifically includes an exception to this waiver for "[a]ny claim arising out of . . . libel [or] slander." 28 U.S.C. § 2680(h). The Eight Circuit has recognized that the FTCA does not waive sovereign immunity as to defamation claims raised under Missouri law. *McAdams v. Reno*, 64 F.3d 1137, 1145 (8th Cir. 1995); *see also Johnson v. Babbitt*, 141 F.3d 1168 (8th Cir. 1998) (per curiam). This Court accordingly lacks jurisdiction over Plaintiff's defamation claim because the federal government has not waived sovereign immunity with regard to such claims under the FTCA.

Finally, the Court agrees with Defendants that any claim by Plaintiff under 28 U.S.C. § 1343 is barred by sovereign immunity. 28 U.S.C. § 1343 establishes district courts' original jurisdiction where parties seek damages under 42 U.S.C. §§ 1983 and 1985. These statutes respectively recognize causes of action for deprivation of rights under color of state law and conspiracies to interfere with civil rights. While 28 U.S.C. § 1343 confers jurisdiction to this Court over certain types of claims, it "do[es] not waive the sovereign immunity of the United States for money damages." *Bell v. Schafer*, No. 4:08-CV-1030 ERW, 2009 WL 2182170, at *3 (E.D. Mo. July 22, 2009) (citation omitted); *see also Jachetta v. United States*, 653 F.3d 898, 908

---

[4] Though not addressed by the parties, it is also possible that the United States is the proper defendant for Plaintiff's defamation claim because federal agencies cannot be sued under the FTCA. *See Duncan v. Dep't of Lab.*, 313 F.3d 445, 447 (8th Cir. 2002) (citation omitted). Even if the Court substituted the United States as the defendant as to Plaintiff's defamation claim, the Court would lack jurisdiction over the claim due to sovereign immunity.

(9th Cir. 2011). 42 U.S.C. §§ 1983 and 1985 themselves, moreover, do not waive the federal government's sovereign immunity. *See Engel v. MODOC*, No. 4:20-CV-1668 RWS, 2020 WL 76950411, at *6 (E.D. Mo. Dec. 28, 2020) (citation omitted) ("§ 1983 does not waive the United States' sovereign immunity."); *Pflum v. United States*, No. 4:17-CV-579 DGK, 2017 WL 4771172, at *4 (W.D. Mo. Aug. 11, 2017) (citation omitted) (finding § 1985 does not waive sovereign immunity). Plaintiff's attempt to establish jurisdiction over his §§ 1983 and 1985 claims through 28 U.S.C. § 1343 fails because the federal government has not waived sovereign immunity under these statutes. For the reasons discussed above, moreover, sovereign immunity also bars Counts I – V of Plaintiff's complaint, which will be dismissed without prejudice for lack of jurisdiction.

<u>Failure to State a Claim</u>

Defendants argue that numerous causes of action raised by Plaintiff – including his claims under 42 U.S.C. §§ 1983 and 1988, Title VII, and 28 U.S.C. § 1361 – fail to state a plausible claim for relief. In considering these arguments, the Court recognizes its obligation to "accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young*, 244 F.3d at 627. But the Court is also mindful that Plaintiff must "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff's claim under 42 U.S.C. § 1983 fails as a matter of law because Plaintiff has not filed suit against any persons acting under color of state law. "Only a state actor can face § 1983 liability." *Doe v. North Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021) (citation omitted). Plaintiff only brings suit against federal agencies, which are not "persons" acting under color of state law and therefore cannot be subject to a § 1983 suit. *See Abram v. Dep't of Agric.*, 1999

WL 793536, at *1 (8th Cir. 1999) (per curiam); *Taylor v. Dir. Off. Info. Pol'y*, No. 4:20-CV-308 DDN, 2020 WL 3971997, at *3 (E.D. Mo. July 13, 2020) (citation omitted) ("[§ 1983] does not authorize redress against federal agencies or officials who were acting under color of federal law."). The Court finds that this same issue precludes Plaintiff from raising any plausible claim under 42 U.S.C. § 1985 because the statute also only applies to "persons." *See Mousseaux v. United States*, 28 F.3d 786, 787 (8th Cir. 1994) ("The United States is not subject to suit under section 1985(3)."); *see also Cobb v. U.S. Dep't of Educ. Off. for Civ. Rights*, 487 F. Supp. 2d 1049, 1056 (D. Minn. 2007).

Plaintiff's claims under 42 U.S.C. § 1988 and Title VII fail as a matter of law because the statutes are completely irrelevant to this case. § 1988 provides that courts, in their discretion, "may allow the prevailing party, other than the United States, a reasonable attorney's fee" in certain enumerated civil rights actions. *See Evans v. Jeff D.*, 475 U.S. 717, 719-20 (1986). Plaintiff has not identified any action in which he was the prevailing party and therefore is not entitled to fees under § 1988.

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. *See Henley v. Brown*, 686 F.3d 634, 641 (8th Cir. 2012). The Complaint does not plausibly allege that Plaintiff was employed by the federal agencies identified as Defendants nor that Plaintiff suffered any discrimination in the course of such employment. The Court also acknowledges that Plaintiff has not demonstrated that he exhausted administrative remedies as required under Title VIII. (Doc. 13 at 15-16). Because Plaintiff has not plead any factual content which plausibly relates to 42 U.S.C. § 1988 or Title VII, these claims fail as a matter of law.

Finally, Plaintiff appears to seek mandamus under 28 U.S.C. § 1361. (Doc. 1 at ¶ 2). Mandamus is a "drastic [remedy], to be invoked only in extraordinary situations." *Kerr v. United*

*States Dist. Ct.*, 426 U.S. 394, 402 (1976). Plaintiff briefly mentions § 1361 but fails to allege any facts suggesting (1) he "can establish a clear and indisputable right to the relief sought, (2) the defendant[s] ha[ve] a nondiscretionary duty to honor that right, and (3) the [Plaintiff] has no other adequate remedy." *Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (citation omitted). Plaintiff has not alleged any facts plausibly demonstrating the drastic remedy of mandamus is appropriate in this case. Accordingly, the Court finds that Plaintiffs' claims under 42 U.S.C. §§ 1983 and 1985, 42 U.S.C. § 1988, Title VII, and 28 U.S.C. § 1361 fail as a matter of law and are subject to dismissal with prejudice.

Sua Sponte Dismissal

"It is well-established that a federal district court has the inherent power to dismiss a complaint for lack of subject matter jurisdiction 'when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.'" *Urban v. Sells*, No. C14-4025-MWB, 2014 WL 1664883, at *4 (N.D. Iowa Apr. 25, 2014) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)); see also *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). A district court may raise issues of subject matter jurisdiction at any time pursuant to Fed. R. Civ. P. 12(h)(3). *Sua sponte* dismissal, however, is expressly disfavored because "the district court is cast in the role of a proponent for the defense, rather than an independent entity." *Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1986); *see also Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991).

For the reasons discussed above, the Court finds that all of Plaintiff's causes of action are subject to dismissal under either Fed. R. Civ. P. 12(b)(1) or 12(b)(6). In the alternative, however, the Court also finds that Plaintiff's claims would be subject to *sua sponte* dismissal for lack of jurisdiction because his factual allegations merely constitute "bizarre conspiracy theories" which

are "clearly fantastic, delusional, and 'essentially fictitious.'" *Deyerberger v. Holder*, Civ. No. 10-0671 (JDB), 2010 WL 2131834, at *1 (D.D.C. May 26, 2010) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)); *see also Thompson v. Cool Valley Police Dep't*, No. 4:19-CV-2309-JAR, 2019 WL 3858829, at *2 (E.D. Mo. Aug. 16, 2019). Plaintiff alleges a fanciful, decades-long conspiracy by the highest levels of government to run "Dark Operations" against him for completely unclear reasons. These allegations are "sufficiently fantastic to defy reality as we know it." *Iqbal*, 556 U.S. at 696 (Souter, J., dissenting). When provided an opportunity to respond to Defendants' motion, moreover, Plaintiff merely repeated certain of his bizarre allegations and referred to litigation in which similar claims were already dismissed as frivolous. *See Whittaker v. Brooks Protective Servs., Inc.*, 168 F. App'x 201 (9th Cir. 2006). If Plaintiff's claims were not subject to dismissal for all of the reasons identified by Defendants, the Court would dismiss this action *sua sponte* because Plaintiff's claims are entirely frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (Doc. 11) is **GRANTED**. Counts I through V of the Complaint are **DISMISSED without prejudice** for lack of subject matter jurisdiction. All remaining claims in the Complaint are **DISMISSED with prejudice** for failure to state a claim. A separate Judgment will accompany this Memorandum and Order.

Dated this 2nd day of May, 2022.

                                            */s/ John A. Ross*
                                            JOHN A. ROSS
                                            UNITED STATES DISTRICT JUDGE